# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Jimy Noe Meza-Hernandez | ) | Case No. 25-MJ-250 |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __September 26, 2024__ in the county of __Montgomery__ in the __Eastern__ District of __Pennsylvania__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. Section 1326(a) | Jimy Noe Meza-Hernandez, an alien, a native and citizen of Honduras, who had previously been deported from the United States on or about August 22, 2012, was found in the United States, having knowingly and unlawfully reentered the United States without first applying to the Attorney General or his successor, the Secretary of the Department of Homeland Security, for permission to reapply for admission, and without receiving in response the express consent to reapply for admission, in violation of 8 U.S.C. Section 1326(a). |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

/s/ Edward J. Newnom, Jr.
*Complainant's signature*

Edward J. Newnom, Jr., Deportation Officer, ICE
*Printed name and title*

Sworn to me telephonically in accordance with Fed. R. Crim. P. 41.

Date: _____    /s/ Craig M. Straw 2-4-2025
*Judge's signature*

City and state: Philadelphia, Pennsylvania    Honorable Craig M. Straw, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**AFFIDAVIT**

1. I, Edward J Newnom Jr, am a Deportation Officer at U.S. Immigration and Customs Enforcement ("ICE") within the U.S. Department of Homeland Security ("DHS"). I have served as a Deportation Officer with ICE since January 15, 2012. As a Deportation Officer, I conduct investigations related to violations of the Immigration and Nationality Act, specifically foreign-born nationals who have been deported from the United States and subsequently re-entered the United States illegally. I am currently assigned to the ICE Enforcement and Removal Operations Philadelphia, Pennsylvania Field Office and my duties include investigating violations of Title 8 of the United States Code ("U.S.C") to include violations of immigration offenses.

2. I have prepared this affidavit in support of a criminal complaint against Jimy noe MEZA-Hernandez, because there is probable cause to believe MEZA-Hernandez, an alien, that is, an individual who is not a United States citizen or national, re-entered the United States after removal, in violation of 8 U.S.C. § 1326(a).

3. On September 26, 2024, ICE received information that MEZA-Hernandez had been arrested by the Plymouth Meeting, Pennsylvania Police Department for Endangering the Welfare of a Child, Simple Assault, Possession of Instrument of Crime with Intent and Harassment charges. Based on my training and experience, I know that any time a police department or other law enforcement agency runs the fingerprints of any alien, who has previously been encountered by ICE or another immigration agency, ICE receives electronic notification of this fact and any match to the alien's known fingerprint identification number. The electronic notification showed that the Plymouth Meeting Police Department had run the fingerprints, which suggested that MEZA-Hernandez, with FBI# 362806RD7, was in custody at the Plymouth Meeting Police Department.

4.  ICE learned that during the course of this investigation, the Plymouth Meeting Police Department received a report from MEZA-Hernandez's children and their school detailing suspected child abuse by MEZA-Hernandez. Both the children and the school provided 452 Jefferson Street as the address of the home where the alleged abuse occurred. On October 1, 2024, Plymouth Meeting Police executed a search warrant at 452 Jefferson Street in Plymouth Meeting where MEZA-Hernandez was present when law enforcement made entry.

5.  As part of the booking process for this arrest in Plymouth Meeting, MEZA-Hernandez provided the address of 452 Jefferson Street, Plymouth Meeting, Pennsylvania as his place of residence. He provided his date of birth during the booking process as well.

6.  On October 28, 2024, ICE conducted checks in the National Crime Information Center ("NCIC") database for MEZA-Hernandez's criminal history, as well as his immigration history. Under the FBI number provided (36286RD7), I discovered that MEZA-Hernandez had previous encounters with United States Border Patrol ("USBP"). Further checks in the Enforcement Alien Removal Module ("EARM") database were conducted for MEZA-Hernandez's immigration history in the United States. I found that MEZA-Hernandez had been encountered and arrested by USBP on August 6, 2012. USBP determined that MEZA-Hernandez was a native and citizen of Honduras and unlawfully present in e United States. MEZA-Hernandez was served with a Form I-860, Notice and Order of Expedited Removal. He was removed from the United States on August 22, 2012 via an ICE AIR flight to Honduras.

7.  On January 26, 2025, I observed a white SUV with a Maryland license plate number 3FE6152 that was located in the driveway of 452 Jefferson Street. A search was conducted on that license plate number and the vehicle was registered to MEZA-Hernandez.

8.  Based on my training and experience, I know that ICE maintains a file on all aliens encountered by ICE. This file, known as the Alien File ("A File"), contains documentation relating to the alien, including his/her photograph, warrants of deportation, fingerprints, documents reflecting

criminal history, documents reflecting the country of citizenship, and other documents. Each alien is assigned an identification number, referred to as the "Alien Number." A search of DHS databases revealed that Jimy NOE MEZA-Hernandez has been assigned Alien Number 205 508 247.

9. On October 28, 2024, I reviewed DHS's electronic databases and made the following conclusions:

    a. MEZA-Hernandez is a citizen and national of Honduras.

    b. This affidavit and the complaint to which it is attached correctly reflect MEZA-Hernandez name and date of birth.

    c. On August 6, 2012, MEZA-Hernandez was served with a Form I-860, Notice and Order of Expedited Removal by USBP pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act, for being an alien unlawfully in the United States.

    d. On August 6, 2012, MEZA-Hernandez was ordered removed pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act.

    e. A Warrant of Deportation/Removal, or Form I-205, was executed and MEZA Hernandez was removed on or about August 22, 2012, via an ICE Air flight to Honduras.

10. A search of ICE databases revealed that MEZA-Hernandez did not seek permission of the United States Attorney General, or his successor, the Secretary of the Department of Homeland Security, to re-enter as required by 8 U.S.C. § 1360(d).

11. The date of birth associated with MEZA-Hernandez's immigration records is the same date of birth MEZA-Hernandez provided when arrested on September 26, 2024.

12. Based on all of the foregoing, I respectfully submit that the facts set forth in this Affidavit demonstrate that there is probable cause to conclude that Jimy NOE MEZA-Hernandez illegally re-entered the United States after removal in violation of 8 U.S.C. § 1326(a). I therefore respectfully ask that the Court issue a warrant ordering his arrest for such crime.

*/s/ Edward J. Newnom*
Edward J Newnom
Deportation Officer
Immigration and Customs Enforcement

Sworn to and Subscribed Before Me by telephone
This 4th day of February.

/s/ Craig M. Straw 2-4-2025
HONORABLE CRAIG M. STRAW
UNITED STATES MAGISTRATE JUDGE